|   |   |
|---|---|
| | Honorable Paul B. Snyder<br>Chapter 7<br>Location: Tacoma |

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re<br><br>BUCKO ENTERPRISES INC.,<br><br>　　　　　　　　　　Debtor.<br><br>KATHRYN A. ELLIS, In Her Capacity As Duly Appointed Chapter 7 Trustee,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>HAMILTON CORNER I LLC, a Washington Limited Liability Company,<br><br>　　　　　　　　　　Defendant. | No. 08-45604<br><br>Adv. No.<br><br>COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 (B), 550, AND 551 |

COMES NOW the Plaintiff, Kathryn A. Ellis, in her capacity as duly appointed Chapter 7 Trustee, for her complaint to avoid and recover preferential transfers, alleges as follows:

**Parties**

1. The debtor filed a Chapter 7 Bankruptcy Petition on October 29, 2008. The Plaintiff, Kathryn A. Ellis, is the duly appointed Chapter 7 Trustee for the debtor.

2. Upon information and belief, the Defendant, Hamilton Corner I LLC ("Defendant"), is a Washington Limited Liability Company.

**Jurisdiction**

3. This Court has jurisdiction over this matter under Chapter 7 of Title 11 of the

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 (B), 550 AND 551 - 1**

KATHRYN A. ELLIS, ESQ.
600 Stewart St
Suite 620
Seattle, WA 98101
(206) 682-5002

United States Code (the "Bankruptcy Code") pursuant to 28 U.S.C. §§ 151, 157, and 1334.

4. This adversary proceeding is commenced pursuant to Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure and §§ 547, 550, and 551 of the Bankruptcy Code.

5. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(B) and (F).

**<u>Cause of Action to Avoid, Recover, and Preserve Preferential Transfers</u>**

7. Plaintiff re-alleges and incorporates by this reference each and every allegation set forth in Paragraphs 1 through 6 above, inclusive, as though fully set forth herein.

8. Within 90 days of the filing of the debtor's Bankruptcy Petition, the debtor transferred and assigned to Defendant all right, title and interest in the trade name "Rib Eye", any signage at the premises, the mobile home at the leased premises and any and all other equipment, supplies, tools and other materials existing at the leased premises owned by the debtor (the "Transfers") to have a reasonable value of $35,000.

9. The Transfers described above may be avoided pursuant to 11 U.S.C. § 547 (b).

10. The Transfers were of a property interest of debtor.

11. The Transfers were made to or for the benefit of Defendant at the time at which Defendant was a creditor of the debtor.

12. The Transfers were for or on account of an antecedent debt owed by debtor before such Transfers were made.

13. The Transfers were made while debtor was insolvent.

14. The Transfers enabled Defendant to receive more than Defendant would receive if the Transfers had not been made.

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 (B), 550 AND 551 - 2**

KATHRYN A. ELLIS, ESQ.
600 Stewart St
Suite 620
Seattle, WA 98101
(206) 682-5002

Case 10-04247-PBS    Doc 1    Filed 08/13/10    Ent. 08/13/10 14:42:48    Pg. 2 of 3

15. Defendant was the initial transferee of the Transfers or the entity for whose benefit the Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such or any Transfers. Pursuant to 11 U.S.C. § 550 (a), Plaintiff is entitled to recover the value of the Transfers from the Defendant.

16. To the extent provided under applicable law, interest on the Transfers has accrued and continues to accrue from the date of each of the Transfers.

WHEREFORE, Plaintiff prays for judgment on this Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the Transfers in an amount up to $35,000.00;

2. For judgment against the Defendant in the amount of $35,000.00;

3. For recovery of interest, costs, and attorney fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Court; and

4. For such other and further relief as the Court deems just and proper.

DATED this 13th day of August, 2010.

By: /s/ Kathryn A. Ellis
Kathryn A. Ellis, Plaintiff

C:\Shared\KAE\Dox\TRUSTEE\BuckoEnterprises\cmp\pref_cmp.wpd

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 (B), 550 AND 551 - 3**

KATHRYN A. ELLIS, ESQ.
600 Stewart St
Suite 620
Seattle, WA 98101
(206) 682-5002